### HENSCH et al. v. ERICKSON et al. [*]

(Circuit Court of Appeals, Eighth Circuit. September 29, 1924.)

No. 6637.

Judgment ☞587—Judgment for defendants in suit for fraud held bar to subsequent action against such defendants and others for conspiracy.

An action for conspiracy to defraud plaintiffs by means of a contract for exchange of property with two of the defendants *held* not maintainable, where substantially the same questions were raised and determined adversely to plaintiffs in a prior action for fraud against such two defendants.

In Error to the District Court of the United States for the District of Minnesota; William A. Cant, Judge.

Action at law by A. F. Hensch and A. F. Hensch as administrator of the estate of Sophia Hensch, deceased, against John Erickson and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

Frank W. Booth, of Minneapolis, Minn., for plaintiffs in error.

Victor E. Anderson, of Wheaton, Minn., and D. J. Leary, of Browns Valley, Minn. (F. W. Murphy, of Wheaton, Minn., on the brief), for defendants in error except A. J. Veigel.

Before SANBORN and LEWIS, Circuit Judges, and KENNEDY, District Judge.

KENNEDY, District Judge. This is an action in which the plaintiffs seek to recover damages of defendants, based upon an alleged conspiracy involving a contract for the exchange of properties, real and personal. In addition to a general denial and a plea that the contract was valid and executed in good faith, the defendants assert former adjudication of the controversy.

In April, 1920, the plaintiffs A. F. Hensch and Sophia Hensch, his wife, entered into a written contract with the defendants Erickson and Hellekson by which the Hensches agreed to sell to defendants certain village real estate and a hardware and implement business located in the town of Chokio, Minn. In exchange for this the defendants were to sell plaintiffs farm lands in the county of Morrison, Minn. The personal property was to be invoiced, taxes ascertained, and adjustments made as to the dif-

[*]Rehearing denied January 12, 1925.

ferences in consideration. Deeds and bills of sale were to be exchanged after abstracts had been verified. The execution of the contract went so far as that the defendants took possession of the plaintiffs' property in the town of Chokio, when differences arose apparently over the fact that plaintiffs were not satisfied with the lands they contracted to purchase. Sophia Hensch afterward died, and the other plaintiff became the administrator of her estate.

The plaintiffs brought suit in the state court of Minnesota against the defendants Erickson and Hellekson, the basis of which seems to have been a claim that the nature and value of the farm lands agreed to be conveyed by the defendants were not as represented. A trial was had, resulting in a verdict for the defendants, but for reasons unexplained, a new trial was granted, which likewise resulted in a verdict for the defendants. From this judgment an appeal was taken to the Supreme Court of Minnesota, and the judgment affirmed. The plaintiffs thereafter became residents of the state of Iowa, and bring this action in the United States District Court for the District of Minnesota, in which by their complaint they raise many of the same issues involved in the prior suit in the state court, but in addition charge the other defendants, along with Erickson and Hellekson, with a general conspiracy to defraud plaintiffs out of their property in Chokio, and seek damages in a sum exceeding $52,000.

Upon the trial of this suit, the court at one stage granted a motion dismissing the action against the defendants Erickson and Hellekson, and at the close of the entire testimony directed a verdict in favor of the remaining defendants. The plaintiffs bring the case here on error.

The action of the trial court was undoubtedly correct, and should stand. The basis of the action, so far as the defendants Erickson and Hellekson are concerned, is substantially the same as that of the action in the state court, and the matter thereby became as to them res judicata. The case, with these defendants out, bears no semblance of a conspiracy upon which action might be based.

Furthermore, the entire evidence in the case fails to sustain the issues tendered by plaintiffs as to the most essential elements. One of the plaintiffs' claims is that the deed to the farm lands was not delivered, but the evidence shows that it was deposited with the bank, and that the plaintiffs elected not to take it up. Another is that the defend-

ants should have taken care of the incumbrance on the Chokio property, while the contract shows that it was the plaintiffs' duty to take care of it. Another is that the defendants deceived plaintiffs as to the nature and value of the farm lands, while the evidence shows that the plaintiffs went to the lands and looked them over, and the strongest element of deception as to the value was, according to plaintiff's own testimony, that the defendants said that they held the lands at $20 per acre. Still another claim is that the bill of sale of the personal property was fraudulently delivered to defendants by an escrow agent, while plaintiff's testimony shows that he himself gave instructions to deliver it.

The defendants vigorously assert that this continued litigation is pursued by plaintiffs to harass and annoy the defendants, and the record discloses much merit in this contention. In the prayer of their answer, they seek to have the plaintiffs restrained and enjoined from further prosecuting any of their alleged claims growing out of this transaction against the defendants. While this relief cannot well be considered here, any further attempt on the part of plaintiffs to harass and annoy defendants may well deserve the prompt attention of the courts.

The judgment of the trial court will be and is affirmed.